McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARIA ZAVALA-REYES,<br><br>Defendant. | CASE NO. 1:20-MJ-00039-SAB<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: May 18, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for arraignment on May 18, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the arraignment. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.   By previous order, this matter was set for status on May 18, 2020. On May 4, 2020, the

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1 United States filed a motion to extend the time in which the file the indictment in this case.

2     2.    By this stipulation, the parties now move to continue the status conference until June 19, 2020, and to exclude time between May 4, 2020, and June 19, 2020.

4     3.    The parties agree and stipulate, and request that the Court find the following:

    a)    A complaint was filed against the defendant on March 4, 2020, and he was subsequently ordered detained.  Due to the COVID-19 pandemic, the last time that any of the Fresno grand juries in the Eastern District of California met was on March 12, 2020.  The parties continued by stipulation the previously-set preliminary hearing until May 1, 2020.  At the preliminary hearing, the court ruled that probable cause existed to hold the defendant over for trial on the charged count.

    b)    Based upon the parties' stipulated Speedy Trial Act time exclusions up to that point, the United States had twenty (20) days in which to secure an indictment, barring further exclusion of time.  On May 4, 2020, the United States filed a motion to extend time in which to file the indictment.

    c)    The government has provided discovery to the defense, which consists of reports authored by the local police department and immigration and federal agents, the 911 call and dispatch logs and recordings, the defendant's audio-recorded statement, photographs of the firearm and items on the defendant's phone, and the defendants RAP sheet.

    d)    In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The grand jury requires a quorum of 16 people to vote on an indictment.  In light of public health guidelines concerning social distancing and limitations on the number of people who may gather at any one time and place, as well as current limitations on the availability of PPE, the grand jury has not been convened since March 12, 2020;
- Grand jurors are selected from a cross-section of the eligible jurors in the division of the district in which they serve.  As with trial jurors, many grand jurors travel

significant distances from their residences in different parts of the Eastern District of California in order to serve;

- Additionally, grand jurors, like the public at large, face challenges related to child care, and also must be cognizant of their own health and safety if they fall into high-risk groups based on age or medical conditions, or if they live with someone who falls in those categories.  Because grand jurors were selected prior to the COVID-19 pandemic, jurors were not screened during selection using public health guidance related to COVID-19 for potential hardships that would excuse them from service;

e) Based on the above-stated findings, the ends of justice served by continuing the indictment as requested outweigh the interest of the public and the defendant in an indictment within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which indictment must occur, the time period of May 4, 2020 to June 19, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§§ 3161(h)(1)(D) and 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a delay resulting from the filing of the government's pretrial motion to exclude time to file the indictment and also from a continuance granted by the Court on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which indictment must be filed.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  May 12, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
| | /s/ LAURA D. WITHERS<br>LAURA D. WITHERS<br>Assistant United States Attorney |
| Dated:  May 12, 2020 | /s/ MATTHEW LEMKE<br>MATTHEW LEMKE<br>Counsel for Defendant<br>JOSE MARIA ZAVALA-REYES |

### **ORDER**

IT IS SO ORDERED that the Arraignment on Indictment is continued from May 18, 2020 to **June 19, 2020 at 2:00 PM before Magistrate Judge Sheila K. Oberto**. Time is excluded pursuant to 18 U.S.C.§§ 3161(h)(1)(D) and 3161(h)(7)(A), B(iv). The motion for extension of time to seek indictment is deemed moot and vacated.

IT IS SO ORDERED.

Dated:   **May 13, 2020**           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE